UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EVA M. TEDESCO,

    Plaintiff,

v.

                                Case No.:

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Eva M. Tedesco, by and through undersigned counsel hereby files her Complaint against Defendant, Life Insurance Company of North America, and says:

**I. JURISDICTION AND VENUE**

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2.    Plaintiff, Eva M. Tedesco ("Ms. Tedesco"), is a citizen of the United States of America) and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, The Prudential Insurance Company of America (hereinafter "Prudential" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, and is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.    FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. Ms. Tedesco was employed with JP Morgan Chase. As a Project Lead, Ms. Tedesco was an eligible participant of the long-term policy at all times material to this action.

5. The purpose of the long-term disability policy was to provide Ms. Tedesco a monthly benefit in the event that she became disabled.

6. The long-term disability policy defined Disability, in pertinent part, as follows:

*You are disable when Prudential determines that:*

- *You are unable to perform the **material and substantial duties of your regular occupation due to your sickness or injury**; and*

- *You are under the **regular care** of a **doctor**; and*

- *You have a 20% or more loss in your **monthly earnings** due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury,*

- *you are unable to perform the duties of **any gainful occupation** for which you are reasonable fitted by education, training or experience; and*

- *you are under the regular care of a doctor.*

7. Ms. Tedesco sustained injuries as a result of a motor vehicle accident in June 2014.

8. Ms. Tedesco was forced to discontinue working on December 11, 2015 due to her disabling conditions.

9. Ms. Tedesco has been diagnosed with numerous medical conditions, including, but not limited to, shoulder damage, headaches, neck problems, bulging, herniated, punctured, and compressed discs, lower spine problems, and loss of feeling in her left arm.

10. Ms. Tedesco suffers from extreme headaches and left arm, shoulder, neck, and back pain. She is unable to sit for long periods of time and has a loss of repetitive movement of left arm, among other physical restrictions and limitations.

11. Ms. Tedesco is unable to perform material and substantial duties her regular occupation and any gainful occupation for which she is fitted by education, training, or experience. She is disabled under the terms of the long-term disability policy.

12. Ms. Tedesco ceased work on December 11, 2015 due to her disabling conditions.

13. In accordance with the procedures set forth by the long-term disability policy, Ms. Tedesco notified Defendant that she was disabled.

14. Defendant denied her claim for long-term disability benefits by way of a letter dated July 11, 2016.

15. Ms. Tedesco timely appealed Defendant's decision to deny her claim for long-term disability benefits by way of a letter dated July 12, 2016.

16. Defendant denied Ms. Tedesco's appeal for long-term disability benefits. Defendant communicated this decision via letter dated August 22, 2016.

17. Ms. Tedesco timely submitted a second, voluntary appeal to Defendant by way of a letter dated September 6, 2016.

18. Defendant denied Ms. Tedesco's second, voluntary appeal by way of a letter dated October 27, 2016.

19. Ms. Tedesco exhausted her appeals under ERISA.

20. In denying Ms. Tedesco's claim for long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead unreasonably relied on the views of its own medical consultant.

21. The denial of Ms. Tedesco's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

22. The denial of Ms. Tedesco's disability benefits was a breach of the fiduciary duties owed to Ms. Tedesco under ERISA. Defendant further failed to discharge its duties in respect to claims processing solely in the interests of Ms. Tedesco as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

24. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

25. Defendant has refused to pay the benefits sought by Ms. Tedesco, ignoring the medical records and clear opinions of her physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

26.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 26 as if fully stated herein and says further that:

27.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

28.     Defendant is also liable for Plaintiff's loss of health insurance.

29.     Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation.

30.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the employee benefit plans had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eva M. Tedesco, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 28th day of November 2016.*

BY: *s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, EVA M. TEDESCO*